UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Reacy Hobbs

_____
(Name of the plaintiff or plaintiffs)

v.

John E. Potter,
U.S. Postal Service
_____
(Name of the defendant or defendants)

CIVIL ACTION

08CV3713
JUDGE GUZMAN
MAG. JUDGE KEYS

FILED
JUN 3 0 2008
Jun 30 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is Reacy H. Hobbs of the county of Cook in the state of Illinois.
3. The defendant is John E. Potter, U.S. Postal Service, whose street address is P.O. Box 21979,
(city) Tampa (county) _____ (state) Florida (ZIP) 33622-1979
(Defendant's telephone number) (813)-739-2016
4. The plaintiff sought employment or was employed by the defendant at (street address) 7500 W. Roosevelt Rd. (city) Forest Park
(county) Cook (state) IL (ZIP code) 60130

5. The plaintiff [check one box]
   (a) ☐ was denied employment by the defendant.
   (b) ☑ was hired and is still employed by the defendant.
   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) _November_, (day) _15-17_, (year) _2006_

7.**1**  *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [check one box] ☐ has ☒ has not filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

    (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

    ☒ Yes (month) _March_ (day) _1_ (year) _2007_

    ☐ No, did not file Complaint of Employment Discrimination

    2. The plaintiff received a Final Agency Decision on (month) _April_ (day) _14_ (year) _2008_.

    c. Attached is a copy of the

        a. Complaint of Employment Discrimination,

        ☒ YES    ☐ NO, but a copy will be filed within 14 days.

        (ii) Final Agency Decision

        ☐ YES    ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

   (a)☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

   (b)☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

   (a)☐ Age (Age Discrimination Employment Act).
   (b)☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c)☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d)☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e)☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f)☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g)☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant *[check only those that apply]*

    (a)☐ failed to hire the plaintiff.
    (b)☐ terminated the plaintiff's employment.
    (c)☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): The defendant's employee failed to grant me (an African-American) 24 hours of ~~vacation~~ sick leave in November 2006. The defendant's employee then tried to fire me because I filed an EEO complaint.

13. The facts supporting the plaintiff's claim of discrimination are as follows:
I have an employee's statements that they ~~&~~ white employees never had a problem taking 24 hours of sick leave.

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES  ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check only those that apply]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

Pay plaintiff for pain, suffering, false accusation, and so forth.

(f) ☐ Direct the defendant to (specify): _____

_____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
*Reacy H. Hobbs*

(Plaintiff's name)
Reacy H. Hobbs

(Plaintiff's street address)
P.O. Box 802533

(City) Chicago   (State) IL.   (ZIP) 60680-2533

(Plaintiff's telephone number) (312)-371-5954

Date: June 27, 2008

# THE COMPLAINT

1

On November 15, 2006, I Reacy H. Hobbs felt sick in my body. To be exact, I was suffering from bloating due to irritable bowel syndrome and no bowel movement in 72 hours. My illness was due in part to enlarged hemorrhoids, poor diet (like most Americans), and maybe insufficient water or dehydration. Having suffered from this condition for nearly two years at this point, I knew what to do. I went to the store and purchased bananas, prunes, grapes, and an over the counter medicine for facilitating bowel movements.

After taking the above and having prior experience with this matter a few times, I cannot be far from a toilet for the next couple of days for the obvious. Hence, I called in sick for three days or 24 hours of sick leave. I work for the United States Postal Service and we have two types of leave: Vacation leave, which is referred to as annual leave and sick leave. I took the above treatment around 11:30 a.m. and it began to work around 4:00 p.m. I start work at 3:00 p.m.

The day I called in was a Wednesday and returned to work on a Saturday. Upon returning to work on Saturday, my supervisor Mr. Wayne Johnson (Caucasian) informed me that I needed a note for my absence. I then told him that I didn't need a note for a period of 24 hours or less but relented and had my wife to write a note. He didn't accept this note and proceeded to unilaterally take 24 hours of my vacation time to pay for the period. He even destroyed the form to cover up this act.

I have an excellent attendance record and should have been granted my request for 24 hours of sick leave. My supervisor has granted Caucasian employees 24 hours of sick leave without any problems. I have a statement from at least one of those employees. Moreover, I filed a grievance on this matter and an EEO complaint. Upon learning that I had filed an EEO, my supervisor retaliated by trying to fire me for alleged fraud. He may have succeeded if it weren't for the Step 2 Designee Mr. Jasper Grimaudo. Mr. Grimaudo halted the false proceedings by Mr. Johnson against me.

Despite all these things, I informed the EEO office that I would withdraw my complaint and please send me the necessary documents to do this. That was on a Friday about two months from the filing of the original complaint. The next day Saturday, I received a letter of demand for $420.00 dollars from the accounting department of the United States Postal Service. My supervisor Mr. Johnson had willfully and deliberately processed paperwork, which was erroneous about the sick leave and my wages were going to be garnished to account for this.

At that point, I decided not to drop the EEO complaint due in part to all of the following: 1) discrimination based upon race. Other employees, specifically Caucasians have called for sick and was granted it. I also have great attendance with a legitimate medical problem as previously explained. 2) My vacation time that December of 2006, which I had scheduled was ruined in direct part to Mr. Johnson. Both my wife and me had looked forward to this vacation. 3) Mr. Johnson tried to fire me for fraud. This caused undo stress on me, my hair fell out, I couldn't have sex due to stress, I was depressed, and so forth. 4) I was erroneously sent a letter of demand for $420.00 dollars that I didn't owe, which again caused the same problems as outlined in section 3.

I am asking for the total of $200,000 which is broken down as follows: $100,000 monetary compensation, $75,000 for pain and suffering, and $25,000 for punitive damages. I have been an employee of the Postal Service for almost 28 years. In the time, the only time that I have actually witnessed a supervisor or manager to be severely reprimanded is by an EEO complaint, which is external to the agency. I did not ask for this, but it was laid upon my shoulders. My supervisor Mr. Johnson did several things, which were reprehensible and perhaps criminal and the only way that I will get my employer to punish him is unfortunately through this action.

Reacy H. Hobbs